## WOODFORD v. HALL.

Court of Appeals of Kentucky.
May 8, 1953.

J. Smith Hays, Sr., J. Smith Hays, Jr., and William Hays, Winchester, for appellant.

M. C. Redwine, Sr., and M. C. Redwine, Jr., Winchester, for appellee.

MOREMEN, Justice.

The appellee, James G. Hall, recovered damages in the sum of $600 against the appellant, L. C. Woodford, resulting from injury, during the growing season of the year 1951, to appellee's corn and tobacco crop by hogs belonging to appellant which he had permitted to run at large and enter upon the premises of appellee.

On this appeal, appellant insists that the owner of cattle is not required to restrain them from unenclosed lands and that before damages may be recovered because of trespassing cattle, a landowner must construct a lawful fence.

A lawful fence is defined by subsection (1) of KRS 256.010 as "A strong and sound fence, four feet high, so close that cattle cannot creep through * * *."

Appellant cites Muir v. Thixton, Millett & Co., 119 Ky. 753, 78 S.W. 466 and Adams Bros. v. Clark, 189 Ky. 279, 224 S.W. 1046, 14 A.L.R. 738, as authority for the rule that the owner of domestic animals is not bound to restrain them, but may lawfully permit them to run at large and, in the absence of a "lawful" fence surrounding the property of the landowner which has been invaded by the cattle, no recovery may be had.

This argument overlooks the fact that the General Assembly of 1950 passed an act which became effective June 15, 1950, and which has been codified as KRS 259.210. It reads in part as follows:

"(1) No person shall permit any cattle owned by him or under his control or in his custody, to run at large.

"(2) If any damage is committed by cattle permitted to run at large, the owner of the cattle shall be liable for all damages, whether the place where the damages occurred is enclosed by *lawful* fence or not. * * *"

The term "cattle" includes hogs of any age or sex. Subsection (5) of KRS 446.010.

The trial court properly overruled the demurrer to the petition and the motion for a directed verdict.

Judgment affirmed.